IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **OPTICAL LICENSING, LLC**<br><br>Plaintiff<br><br>v.<br><br>**ARROW ELECTRONICS, INC.**<br><br>Defendant | Case No. 6:21-cv-00186-ADA<br><br>Jury Trial Demanded |

### REPORT AND RECOMMENDATION ON COMPETING MOTIONS TO DISMISS

**TO:   THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Defendant Arrow Electronics, Inc.'s Motion to Dismiss Plaintiff's Infringement Claims with Prejudice (ECF No. 31) and Plaintiff Optical Licensing, LLC's Motion to Dismiss without Prejudice (ECF No. 33). The Court heard oral arguments on these motions on May 23, 2022.

The Parties agree that this case should be dismissed, but disagree on whether Plaintiff's infringement claims should be dismissed with, or without, prejudice. On March 23, 2022, Plaintiff filed a Notice containing a "covenant not to sue." *See* ECF No. 28. Plaintiff contends that the covenant not to sue has mooted the case and, thus, the Court lacks jurisdiction to reach the merits of the case. Therefore, Plaintiff argues that the Court must dismiss the case without prejudice.

Defendant contends that dismissal without prejudice is improper because, among other things, Plaintiff's covenant not to sue is insufficient to moot the issues in this case. Accordingly, Defendants argue the Court retains jurisdiction over Plaintiff's infringement claims along with other claims, such as a claim for attorney's fees.

The Court agrees with Defendant and finds that Plaintiff's covenant not to sue does *not* moot the case and divest the court of jurisdiction. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006) ("[Plaintiff] first argues that the district court erred in retaining jurisdiction over [Defendant's] request for attorney fees under 35 U.S.C. § 285 because, once [Plaintiff] gave [Defendant] a pre-verdict covenant not to sue on the patent infringement issues, the court lost Article III subject matter jurisdiction over the patent-based fee request. We disagree.").

The Court also believes this case should be dismissed *with* prejudice. "There is a big difference between a dismissal without prejudice and a dismissal with prejudice, as their names reveal…The big difference is finality. A dismissal without prejudice means that the parties return to square one, as if the litigation hadn't happened. So the door to future litigation is open. But a dismissal with prejudice means that the court resolved the case in a manner that affects the parties' rights. So the door to future litigation is closed." *Nilssen v. Osram Sylvania, Inc.*, No. 03-CV-2962, 2022 WL 523133, at *6-7 (N.D. Ill. Feb. 22, 2022). There is no question that the covenant not to sue was meant to prohibit any future litigation: "By making this covenant not to sue, Plaintiff is estopped from later bringing any suits for infringement of U.S. Patent No. 6,791,898." ECF No. 28 at 1-2. Nor does Plaintiff cite to any caselaw showing why this case should not be dismissed with prejudice. As such, this Case should be dismissed with prejudice.

Having considered the parties' competing motions and hearing statements and arguments of counsel, and finding good cause exists for the reasons outlined above:

The Court recommends that Defendant Arrow Electronics, Inc.'s Motion to Dismiss Plaintiff's Infringement Claims be **GRANTED,** and that Plaintiff Optical Licensing, LLC's Motion to Dismiss be **DENIED**.

Accordingly, the Court recommends that Plaintiff Optical Licensing, LLC's claims should be dismissed **WITH PREJUDICE** and Defendant Arrow Electronics, Inc.'s claims should be dismissed **WITHOUT PREJUDICE**.

It is further recommended that the Court retains jurisdiction to rule on any motion for fees filed in accordance with 35 U.S.C. 285.

## OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

Signed this 2nd day of June, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE